CHICKASAW NATION, vs ROFF, et al.

Opinion delivered September 23, 1903.

1.—*Appeal—Citizenship Cases—No Jurisdiction to Review Order Taxing Costs.*
Where an Indian Nation appeals to the Supreme Court of the United States from a decision of U. S. Courts in Indian Territory admitting certain claimants to citizenship in said nation, and the case is there affirmed, and thereafter the nation moves in the U. S. Court in Indian Territory to re-tax the costs and such motion is overruled, this court has no jurisdiction to entertain an appeal from such ruling.

Appeal from the United States Court for the Southern District.

HOSEA TOWNSEND, Judge.

Application by A. B. Roff and others to be enrolled as members of the Chickasaw Nation. From an order refusing to retax costs, the Chickasaw Nation appeals. Dismissed.

A. B. Roff, et al., applied to the Dawes Commission in 1896 to be enrolled as members of the ChickasawTribe of Indians. Their enrollment was refused, and they appealed to the United States Court for the Southern District, sitting at Ardmore, under the provisions of the act of June 10, 1896. On the 15th

day of April, 1898, the cause coming on to be heard, the court admitted all of said persons to citizenship as members of said Chickasaw Tribe of Indians. The nation took proper steps, perfected an appeal, and said case was afterwards affirmed in the Supreme Court of the United States. The following costs were taxed against the Chickasaw Nation, to wit: Clerk's costs, $15.55; master's fee, $10; attorney's docket fee United States District Court, $20; attorney's docket fee United States Supreme Court, $20. On the 26th day of January 1900, the following motion was filed by the Chickasaw Nation, to wit: "Motion to Retax. Comes the Chickasaw Nation, and moves the court to retax the costs herein: (1) Because the Chickasaw Nation is not liable for the payment of costs incurred in citizenship cases appealed from the Commission to the Five Civilized Tribes to the United States Court, under the act of June 10, 1896. (2) Because the Chickasaw Nation is not liable for the payment of that item taxed as 'attorney's docket fee in the district court.'" The court overruled said motion, and the Chickasaw Nation excepted, and prayed an appeal to the Court of Appeals for the Indian Territory, which was granted. Appellees have filed motion to dismiss this appeal, and contend that this court has no power or right to review the decision of the court below for two reasons: (1) Because the judgment of the court from which appellant attempts to appeal is made final under the statute, subject only to its right to appeal to the Supreme Court of the United States. (2) Because appellant does not attempt to appeal from a final judgment or decision, but from the order of the court below overruling the motion to retax costs.

The act of Congress conferring upon the Dawes Commission the power to hear and determine applications of persons claiming to be members of either of the tribes, among other things, provided: "That if the tribe, or any person, be aggrieved with the decision of the tribal authorities or the commission provided for in this act, it or he may appeal from such decision to the United

States District Court: provided, however, that the appeal shall be taken within sixty days, and the judgment of the court shall be final." See Act June 10, 1896, c. 398, 29 Stat. 339 (U. S. Comp. St. 1901, p. 1618). The Indian appropriation bill, approved July 1, 1898, among other things provided: "Appeals shall be allowed from the United States courts in the Indian Territory direct to the Supreme Court of the United States to either party in all citizenship cases, and in all cases between either of the Five Civilized Tribes and the United States involving the constitutionality or validity of any legislation ·affecting citizenship or the allotment of lands in the Indian Territory, under the rules and regulations governing appeals to said court in other cases; provided, that appeals in cases decided prior to this act must be perfected in one hundred and twenty days from its passage; and in cases decided subsequent thereto; within sixty days from final judgment; but in no such case shall the work of the Commission to the Five Civilized Tribes be enjoined or superseded by any proceeding in or order of, any court, or of any judge, until after final judgment in the Supreme Court of the United States. In case of appeals, as aforesaid, it shall be the duty of the Supreme Court to advance such cases on the docket and dispose of the same as early as possible." Act July 1, 1898, c. 545, 30 Stat. 591. The Supreme Court, in construing the act of 1896, cited supra, and the act last quoted, held the decision of the court below was final under the former act, and that the latter conferred upon it the right only to pass upon the constitutionality or validity of legislation affecting· citizenship, and affirmed all cases appealed to it. Stephens vs Cherokee Nation, 174 U. S. 445, 19 Sup. Ct. 722, 43 L. Ed. 1041; Choctaw Nation vs Robinson, Id.; Johnson vs Creek Nation, Id.; Chickasaw Nation vs Wiggs, Id.

Appellee asks the question: "Will the appellant be permitted to divide the final judgment in this case into· two parts

namely, one as to the merits of the controversy, and the other as to the question of costs?" And, after appealing to the Supreme Court, says it now desires to appeal to this court from that portion of the judgment of the Supreme Court awarding costs against appellant.

*McKennon, Mansfield, McMurray & Cornish,* for appellant.

*Furman, Herbert, Hill & Mathers,* for appellees.

GILL, C. J.   It is the opinion of this court that the acts of Congress in reference to citizenship matters vested the appeals from decisions therein from the district courts of the territory to the Supreme Court of the United States, and that judgment in the Supreme Court of the United States was final, and that the matter of costs in citizenship cases is not a matter of review in this court, and that said motion to dismiss this appeal must prevail, and the appeal is therefore ordered dismissed.

CLAYTON and RAYMOND, JJ., concur.